SEXTON, Judge Pro Tem.
_|jThis suit began as a possessory action and was converted to a petitory action with ownership of a certain 2.2-acre tract in Bossier Parish at issue. Following a bench trial, the judge ruled that Plaintiff Rose Roberts acquired ownership of the surface of the 2.2 acres by 80-year acquisitive prescription. That ruling was not appealed. The judge further held, however, that Ms. Roberts did not satisfy statutory requirements so as to acquire ownership of the minerals beneath the 2.2-acre tract. Ownership of the mineral interest was awarded to Intervener Investors Property Group (“IPG”). Ms. Roberts appeals the ruling on the mineral interest ownership. For the reasons stated herein, the portion of the judgment concerning ownership of the mineral interest is reversed and judgment is rendered in favor of Ms. Roberts, vesting in her the ownership of the minerals under the 2.2-acre tract.

FACTS

Ms. Roberts’ family has owned approximately 102 acres in Bossier Parish since the 1950s. Her father raised livestock on the land; and, when he died, Ms. Roberts and her brother inherited the property. The portion acquired by Ms. Roberts was delineated by a fence along the northern boundary and, she believed, all lay within Section 86. She further believed, and a previous survey indicated, that the northern boundary (fence line) of her property was the section line between Sections 25 (north) and 36 (south). The title to her property does not extend north past the section line. The 2.2 acres in dispute is actually in Section 25, but is what Ms. Roberts | ?has historically believed was the northwest corner of her property, in Section 36, and is within Ms. Roberts’ northernmost fence line.
In 1999 the 2.2 acres was included in an 80-acre tract purchased by IPG. IPG developed all of the land except the 2.2-acre tract because it was aware of Ms. Roberts’ claim of ownership. In 2000, IPG sold the majority of the 80-acre parcel, reserving the minerals, to a third party, Copeland. In that sale, the description of the land conveyed was metes and bounds and specifically EXCLUDED the 2.2 acres. IPG subsequently leased the surface of the 2.2 acres to Anthony and Lisa Patterson for pasture land. The lease was without warranty of peaceable possession. When the Pattersons erected a fence enclosing the 2.2 acres, Ms. Roberts filed this possessory action.
The Pattersons answered and IPG intervened, converting the suit to a petitory action concerning ownership of the 2.2 acres. At trial, the judge heard testimony from witnesses on Ms. Roberts’ continuous possession of the 2.2 acres. The trial judge found that a fence along the north boundary of Ms. Roberts’ property had existed since the 1950s and included the 2.2-acre tract; and, therefore, he held that she had acquired ownership of the tract by 30-year acquisitive prescription. As previously stated, no appeal was taken from that portion of the judgment.
The sole issue on appeal, rather, concerns the ownership of the mineral interest. IPG’s predeeessor-in-title had executed a mineral lease, including the 2.2 acres, in the late 1990s. IPG purchased the property subject to that lease. In 2007 and 2008, IPG leased the minerals for its 80-acre property, which included the 2.2-acre tract (in Section 25). The |aminerals have been in production with royalties paid to the present. Since Ms. Roberts mistakenly believed that all of her property was in Section 36, all of the mineral leases she *818 signed indicated property in that section. She acknowledges, therefore, that she has not taken action to exercise use of her minerals in Section 25 (the 2.2 acres) because she thought all of her property, including the 2.2 acres, was in Section 36.
Despite the conclusion of the trial judge that Ms. Roberts had continually possessed the 2.2 acres since the 1950s, he found that, because IPG, and not Ms. Roberts, had exercised use of the minerals under the 2.2 acres, Ms. Roberts did not do what was required in order to acquire ownership of the minerals. IPG, therefore, was found to be the owner of the mineral interest. This appeal ensued.

DISCUSSION

La. R.S. 31:154, the Mineral Code, provides that a possessor of land who goes into possession “under an act translative of title” possesses “the rights in minerals inherent in perfect ownership of the land.” Further, La. R.S. 31:160 provides:
When title to land is perfected by a possessor on the basis of acquisitive prescription, the title includes mineral rights to the extent that his possession included mineral rights for the required prescriptive period.
Ms. Roberts argues that the property was acquired by her father, with various portions of mineral reservations, all of which were extinguished by nonuse. Thirty years from the date of her father’s acquisition of the property (late 1950s), therefore, would have expired by the late 1980s at the latest, over ten years prior to IPG’s purchase of the property. Under the |4above provision, ownership of the minerals would have vested in Ms. Roberts in the 1980s before any mineral activity began. We agree.
The critical finding herein is the determination by the trial judge that Ms. Roberts’ possession of the 2.2 acres was continuous for the requisite 30 years under La. C.C. art. 3486[1] in order to vest ownership of the property in her by acquisitive prescription. The judge properly concluded that Ms. Roberts could tack onto her possession that of her father, which the judge found began in the 1950s. Significantly, that portion of the ruling was not appealed. The starting point of the Rob-ertses’ possession, therefore, is, at the latest, 1959. Accordingly, in 1989, 30 years would have passed and ownership of the 2.2-acre tract would have fully vested in Ms. Roberts. The ownership acquired by acquisitive prescription includes the mineral rights. See La. R.S. 31:154, et seq., and comments thereto. Further, any mineral activity occurring on the 2.2 acres after 1989, which would include all of the mineral activity that began in the 1990s as evidenced by the record, would not have interrupted Ms. Roberts’ ownership of the minerals. Simply put, by the date of the purported sale of the 2.2 acres to IPG, Ms. Roberts had already acquired full ownership of the property, including the minerals. We conclude, therefore, that the trial judge’s holding to the contrary was erroneous and Ms. Roberts acquired ownership of the property in the late 1980s, both surface and minerals.
| ¡DECREE
For the foregoing reasons, the judgment against Rose Roberts and in favor of Investors Property Group is reversed as to the ownership of the mineral interest in *819 the 2.2-acre tract at issue. Judgment is rendered in favor of Rose Roberts vesting her with ownership of the mineral interest. Costs of appeal are assessed to Investors Property Group.
REVERSED AND RENDERED.

. La. C.C. art. 3486, Immovables; prescription of thirty years, provides:
Ownership and other real rights in immov-ables may be acquired by the prescription of thirty years without the need of just title or possession in good faith.